**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| CONSTRUCCIONES INTEGRALES DEL CARMEN, S.A. DE C.V., | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-08-3427 |
| GOODCRANE CORPORATION, *ET AL.*, | § § § | |
| Defendants. | § | |

**ORDER STAYING AND ADMINISTRATIVELY CLOSING CASE**

Defendant Goodcrane Corporation filed a petition in the United States Bankruptcy Court for the Southern District of Texas as Case No. 09-34031 on June 5, 2009. A petition filed under 11 U.S.C. §§ 301, *et seq.,* operates as a stay of the continuation of a judicial proceeding against the debtor that was commenced before the initiation of the bankruptcy proceeding. 11 U.S.C. § 362(a)(1). This court issued an order staying this case as to Goodcrane Corporation on June 30, 2009. The plaintiff, Construcciones Integrales del Carmen, S.A. de C.V., has now filed a notice stating that the chapter 11 trustee of Goodcrane's bankruptcy estate has taken the position that the estate owns all claims against the nondebtor defendants. As a result, all parties are taking the position that the stay extends to the nondebtor defendants.

"Section 362(a)(3) provides that the filing of a petition 'operates as a[n] [automatic stay] applicable to all entities, of . . . any act to obtain possession of property of the estate or of property from the estate." *S.I. Acquisition, Inc.*, 817 F.2d at 1148 (quoting 11 U.S.C. § 362(a)(3)). Ordinarily, the automatic stay under section 362 does not apply to actions against a nondebtor. However, the courts recognize that a section 362(a)(3) stay may apply to an alter ego action by a

creditor against individual defendants who allegedly controlled the debtor.  *S.I. Acquisition*, 817 F.2d at 1148 (quoting *A.H. Robins Co, Inc. v. Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986)); *In re Schimmelpenninck*, 183 F.3d 347(5th Cir. 1999).

  The stay extends to all claims in this case.  This case is administratively closed until the stay is lifted or modified.  The plaintiff may reinstate this case to the active docket upon notice to this court of the discontinuance of the stay under 11 U.S.C. § 362(c)(2), provided such notice is filed within 30 days after the bankruptcy stay is discontinued.

  SIGNED on December 15, 2009, at Houston, Texas.

                Lee H. Rosenthal
                United States District Judge